UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BELETZUY OCHOA,
Petitioner,
v.
SERGIO ALBARRAN, et al.,
Respondents.

Case No. 3:26-cv-14129

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: ECF No. 2

Petitioner Brisky Jonatan Beletzuy Ochoa is a 21-year-old asylum seeker from Guatemala. He entered the United States as a child in 2019 and has a pending asylum application.

On November 18, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner without notice in the parking lot of his workplace. They took him to the ICE Field Office at 630 Sansome Street in San Francisco, where he remains in custody.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that he is being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2, 3. The Court finds that the requirements for issuing a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioner is likely to succeed on the merits of their claims. The Court GRANTS Petitioner's Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 18, 2026.**

## I. BACKGROUND

Petitioner is a 21-year-old asylum seeker from Guatemala. He entered the United States as

United States District Court
Northern District of California

a minor in 2019. At the time he entered, he was detained by immigration officials, placed in an Office of Refugee Resettlement (ORR) shelter. The Office of Refugee Resettlement, under the Department of Health and Human Services, determined that he posed no flight risk or danger to the community and released him to a sponsor, his aunt. In 2021, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. He also has a valid employment authorization document (work permit).

Petitioner lives with his U.S. citizen partner and together they share two young U.S. citizen children, who are 2 years and 4 months old. He works as a car mechanic to financially support his partner and children.

Petitioner has no criminal convictions. His only contact with the criminal legal system was an arrest in March 2025 for possession of a stolen vehicle. At the time he received the car, he had no idea it was allegedly stolen. No charges were ever filed.

On November 18, 2026, over one year after that arrest, ICE agents arrested and detained Petitioner without notice in the parking lot of his workplace. ICE agents arrested him without notice and without showing him a warrant, although they claimed they had one. They took him to the ICE Field Office at 630 Sansome Street in San Francisco, where he remains in custody.

## II. ANALYSIS

The Court has reviewed the Petition. The Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner's attorney has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. To prevail on a TRO, Petitioner must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court addresses each of the *Winter* factors in turn and finds that Petitioner has met his burden on each factor and is entitled to a TRO.

As to Petitioner's likelihood of success on the merits, the Court analyzes his "due process claim 'in two steps: the first asks whether there exists a protected liberty interest under the Due

Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.'" *Quispe v. Chestnut*, No. 25-cv-2002-CSK, 2026 WL 654577, at *4 (E.D. Cal. Mar. 9, 2026) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). At the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). As a noncitizen who has lived openly in this country for six years, acts as a caregiver and provider for his partner and young children, and has no criminal convictions, Petitioner has a substantial liberty interest. At the second step, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioner be immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody.[1] Thus, Petitioner has shown that he is likely to succeed on the merits.[2] Petitioner has a substantial private interest in remaining out of custody, which would allow him to take care of his family, and continue his employment. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Petitioner has also made a sufficient showing on the remaining factors. An unconstitutional deprivation of physical liberty constitutes irreparable harm. *See e.g.*, *Hernandez*

---

[1] Petitioner has no criminal convictions. His only contact with the criminal legal system was an arrest in March 2025 for possession of an allegedly stolen vehicle when he traded his car for another car, and at the time, he "had no idea that it was allegedly a stolen vehicle." ECF No. 1 ¶ 4. As this Court recently noted, "an arrest is not a conviction, and even when the government elects to prosecute an offense, the alleged offender is presumed innocent." *Konur v. Albarran*, 26-cv-12535-NW, 2026 WL 3271823, at *2 (N.D. Cal. Nov. 1, 2026). Notably, charges were never filed against Petitioner.

[2] In the Ninth Circuit, a TRO may also issue if Petitioner shows that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). In the alternative, for the same reasons, the Court finds that there are at least serious questions going to the merits.

*v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). The balance of hardships tips sharply in Petitioner's favor, particularly in light of his young children at home (a 2-year-old and a 4-month-old) for whom he provides. And, the balance of harms and public interest factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 18, 2026, IN SAN FRANCISCO, CALIFORNIA.** Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.
- The Court shall evaluate the merits of Petitioner's habeas petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) (Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."). Respondents shall answer or otherwise respond to the Petition (not the TRO motion) by no later than November 20, 2026. Any response must include the Petitioner's full Forms I-213, any orders of release or detention, any custody warrants or notices, Petitioner's criminal history to the extent one exists, and any

other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c).

- Petitioner may file a reply by November 24, 2026.
- In addition, by no later than noon on November 19, 2026, Respondents are DIRECTED to file a status report with the Court verifying at what time on November 18, 2026, Petitioner was released.
- The Court sets this matter for a hearing on Wednesday, November 25, 2026, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until November 25, 2026, at 10:15 p.m.** Petitioner shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 18, 2026, 10:15 p.m.

Noël Wise
United States District Judge